IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OLYMPUS AMERICA INC. | CIVIL ACTION |
| Plaintiff, | |
| | No. 12-04134 |
| v. | |
| KARL STORZ ENDOSCOPY – AMERICA, INC. and VICTOR BORY | |
| Defendants. | |

### ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

KARL STORZ Endoscopy-America, Inc. ("KSEA"), by and through its undersigned counsel, hereby answers the Complaint For Injunctive Relief And Damages of Olympus America, Inc. ("Olympus") as follows:

1.      KSEA admits that Victor Bory ("Bory") is a former employee of Olympus. Except as expressly admitted, KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 1 and, on this basis, denies each and every such allegation.

2.      KSEA admits that it is a direct competitor of Olympus. Except as expressly admitted, KSEA denies generally and specifically each of the other allegations set forth in Paragraph 2.

3.      KSEA denies generally and specifically each of the allegations set forth in Paragraph 3.

4. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 4 and, on this basis, denies each and every such allegation. KSEA further denies that Olympus has suffered monetary damages on account of any act or failure to act on the part of KSEA in any amount whatsoever.

5. KSEA admits that there is diversity between the parties. Except as expressly admitted, KSEA denies generally and specifically each of the allegations set forth in Paragraph 5.

6. KSEA admits that it conducts business in Pennsylvania. Except as expressly admitted, KSEA denies generally and specifically each of the allegations set forth in Paragraph 6.

7. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 7 and, on this basis, denies each and every such allegation.

8. KSEA admits that Bory is an individual and a citizen of the State of Florida, residing at 300 NW 28th St., Wilton Manors, Florida 33311. KSEA admits that Bory was employed as an ENT representative for Olympus. Except as expressly admitted, KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 8 and, on this basis, denies each and every such allegation.

9. KSEA admits the allegations of Paragraph 9.

10. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in Paragraph 10 and, on this basis, denies each and every such allegation.

11. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 11 and, on this basis, denies each and every such allegation.

12. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in Paragraph 12 and, on this basis, denies each and every such allegation.

13. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 13 and, on this basis, denies each and every such allegation.

14. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 14 and, on this basis, denies each and every such allegation.

15. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in Paragraph 15 and, on this basis, denies each and every such allegation.

16. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 14 and, on this basis, denies each and every such allegation.

17. KSEA denies generally and specifically each of the allegations set forth in Paragraph 17.

18. KSEA denies generally and specifically each of the allegations set forth in Paragraph 18.

19. KSEA admits that it has been on notice of Olympus' claim that its activities are unlawful; however, KSEA denies generally and specifically that it has in fact engaged in any

unlawful activity directed towards Olympus or otherwise.  Except as expressly admitted, KSEA denies generally and specifically each of the allegations set forth in Paragraph 19.

20.     KSEA admits that in or about December 2011 it made an offer of employment to former Olympus employee Teanna Meinhold ("Meinhold").  KSEA alleges that after initially accepting KSEA's offer of employment, Meinhold withdrew her acceptance and never actually began employment with KSEA.  Except as expressly admitted or alleged, KSEA denies generally and specifically each of the allegations set forth in Paragraph 20.

21.     KSEA admits that it received correspondence from Olympus relating to Meinhold.  KSEA alleges that this correspondence is a writing and as such is the best evidence of its content.  Except as expressly admitted, KSEA denies generally and specifically each of the allegations set forth in Paragraph 21.

22.     KSEA alleges that by letter of January 10, 2012, its counsel responded to correspondence received from Olympus.  KSEA alleges that its letter is a writing and as such is the best evidence of its content.  KSEA alleges that Meinhold was ever employed by KSEA and denies that Meinhold resigned from her position at KSEA.  Except as expressly alleged, KSEA denies generally and specifically each of the allegations set forth in Paragraph 22.

23.     KSEA admits that it hired Aiden Roche ("Roche").  KSEA is informed and believes that Roche was formerly employed by Olympus in its Brooklyn territory.  KSEA alleges that Roche has never worked for KSEA in the Brooklyn territory.  KSEA admits that on or about May 25, 2012, it received correspondence from Olympus relating to Roche.  KSEA alleges that such correspondence is a writing and as such is the best evidence of its content.  Except as expressly admitted or alleged, KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 23 and, on this basis, denies each and every such allegation.

24. KSEA denies generally and specifically each of the allegations set forth in Paragraph 24.

25. KSEA admits that on or about July 2, 2012, it received correspondence from Olympus relating to Bory. KSEA alleges that such correspondence is a writing and as such is the best evidence of its content. Except as expressly admitted or alleged, KSEA denies generally and specifically each of the allegations set forth in Paragraph 25.

26. KSEA alleges that the correspondence it received from Olympus on or about July 2, 2012, regarding Bory is a writing and as such is the best evidence of its content. Except as expressly alleged, KSEA denies generally and specifically each of the allegations set forth in Paragraph 26.

27. KSEA alleges that there was written correspondence back and forth between KSEA and Olympus. KSEA alleges that such correspondence is in writing and as such is the best evidence of its content. Except as expressly alleged, KSEA denies generally and specifically each of the allegations set forth in Paragraph 27.

28. KSEA alleges that there were communications between counsel for KSEA and counsel for Olympus during which counsel for KSEA stated that he had not yet seen any non-competition or non-solicitation agreement entered into between Bory and Olympus. KSEA alleges that Olympus's counsel forwarded documents that are claimed by Olympus to be non-competition and non-solicitation agreements entered into between Bory and Olympus. Except as expressly alleged, KSEA denies generally and specifically each of the allegations set forth in Paragraph 28.

29. KSEA admits that on or about July 12, 2012, its counsel wrote a letter to counsel for Olympus. KSEA alleges that this letter is in writing and as such the best evidence of its content. KSEA admits that during a telephonic conference between counsel for KSEA and

Olympus on or about July 12, counsel for KSEA stated that he was not sure what action KSEA was going to take with respect to this matter. Except as expressly alleged, KSEA denies generally and specifically each of the allegations set forth in Paragraph 29.

30.     KSEA admits that counsel for Olympus requested that KSEA sideline Bory until the present dispute could be resolved and that counsel for KSEA stated that he was unable to reach KSEA's decision makers to discuss this request because they were out of the country. Except as expressly alleged, KSEA denies generally and specifically each of the allegations set forth in Paragraph 30.

31.     KSEA admits that during a telephonic conference between counsel for KSEA and Olympus on or about July 18, 2012, counsel for KSEA stated that KSEA was considering changing Bory's role so that he would not sell products competing with those that he sold when employed by Olympus.  Except as expressly admitted, KSEA denies generally and specifically each of the allegations set forth in Paragraph 31.

32.     KSEA denies generally and specifically each of the allegations set forth in Paragraph 32.

33.     KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 33 and, on this basis, denies each and every such allegation.

34.     KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 34 and, on this basis, denies each and every such allegation.

35.     KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 35 and, on this basis, denies each and every such allegation.

9807523v.1

36.     KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 36 and, on this basis, denies each and every such allegation.

37.     KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 37 and, on this basis, denies each and every such allegation.

38.     KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 38 and, on this basis, denies each and every such allegation.

39.     KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 39 and, on this basis, denies each and every such allegation.

40.     KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 40 and, on this basis, denies each and every such allegation.

41.     KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in Paragraph 41 and, on this basis, denies each and every such allegation.

42.     KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 42 and, on this basis, denies each and every such allegation.

43.     KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in Paragraph 43 and, on this basis, denies each and every such allegation.

9807523v.1

44. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 44 and, on this basis, denies each and every such allegation.

45. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in Paragraph 45 and, on this basis, denies each and every such allegation.

46. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 46 and, on this basis, denies each and every such allegation.

47. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 47 and, on this basis, denies each and every such allegation.

48. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 48 and, on this basis, denies each and every such allegation.

49. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 49 and, on this basis, denies each and every such allegation.

50. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 50 and, on this basis, denies each and every such allegation.

51. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 51 and, on this basis, denies each and every such allegation.

52. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 52 and, on this basis, denies each and every such allegation.

53. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 53 and, on this basis, denies each and every such allegation.

54. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 54 and, on this basis, denies each and every such allegation.

55. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 55 and, on this basis, denies each and every such allegation.

56. KSEA alleges that it instructs each of its newly hired sales personnel that they are to return to their previous employer(s) the original and all copies of any and all confidential, proprietary or trade secret information that they might have obtained during the course of their previous employment. KSEA alleges that it instructs each of its newly hired sales personnel that they are not permitted to use any such confidential, proprietary or trade secret information in the course of their employment by KSEA. Except as expressly alleged, KSEA lacks knowledge or information sufficient to form a belief about the allegations set forth in Paragraph 56 and, on this basis, denies each and every such allegation.

57. KSEA alleges that Bory has been moved out of the territory in which he was employed by Olympus and that he has been reassigned so that he is not selling any ENT devices for KSEA. Except as expressly alleged, KSEA denies generally and specifically each of the allegations set forth in Paragraph 57.

58. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 58 and, on this basis, denies each and every such allegation.

59. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 59 and, on this basis, denies each and every such allegation.

60. KSEA denies generally and specifically each and every allegation set forth in Paragraph 60.

61. KSEA admits that it is a direct competitor of Olympus.  KSEA alleges that it competes with Olympus across a number of products and product lines.  Except as expressly admitted or alleged, KSEA lacks KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 59 and, on this basis, denies each and every such allegation.

62. KSEA admits that it is engaged in the marketing of endoscopic devices, surgical products and medical devices.  KSEA denies that it is engaged in the research, development or manufacturing of such devices.  KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegation that KSEA's product line is substantially aligned with Olympus's products.

63. KSEA denies generally and specifically each and every allegation set forth in Paragraph 63.

64. KSEA denies generally and specifically each and every allegation set forth in Paragraph 64.

65. KSEA denies generally and specifically each and every allegation set forth in Paragraph 65.

- 10 -
9807523v.1

66. KSEA denies generally and specifically each and every allegation set forth in Paragraph 66.

67. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 67 and, on this basis, denies each and every such allegation.

68. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 68 and, on this basis, denies each and every such allegation.

69. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 69 and, on this basis, denies each and every such allegation.

70. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 70 and, on this basis, denies each and every such allegation.

71. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 71 and, on this basis, denies each and every such allegation.

72. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 72 and, on this basis, denies each and every such allegation.

73. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 73 and, on this basis, denies each and every such allegation.

9807523v.1

74. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 74 and, on this basis, denies each and every such allegation.

75. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 75 and, on this basis, denies each and every such allegation.

76. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 76 and, on this basis, denies each and every such allegation.

77. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 77 and, on this basis, denies each and every such allegation.

78. KSEA admits that on or about July 12, 2012 it informed Olympus that Bory had secured separate representation. Except as expressly admitted, KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 78 and, on this basis, denies each and every such allegation.

79. KSEA admits the allegations set forth in Paragraph 79.

80. Paragraphs 1 through 79 are incorporated by reference as if set forth fully herein.

81. KSEA admits the allegations set forth in Paragraph 81.

82. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 82 and, on this basis, denies each and every such allegation.

9807523v.1

83. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 83 and, on this basis, denies each and every such allegation.

84. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 84 and, on this basis, denies each and every such allegation.

85. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 85 and, on this basis, denies each and every such allegation.

86. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 86 and, on this basis, denies each and every such allegation.

87. Paragraphs 1 through 86 are incorporated by reference as if set forth fully herein.

88. KSEA denies generally and specifically each of the allegations set forth in Paragraph 88.

89. KSEA denies generally and specifically each of the allegations set forth in Paragraph 89.

90. KSEA denies generally and specifically each of the allegations set forth in Paragraph 90.

91. KSEA denies generally and specifically each of the allegations set forth in Paragraph 91.

92. KSEA denies generally and specifically each of the allegations set forth in Paragraph 92.

93. KSEA denies generally and specifically each of the allegations set forth in Paragraph 93.

94. Paragraphs 1 through 93 are incorporated by reference as if set forth fully herein.

95. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 95 and, on this basis, denies each and every such allegation.

96. KSEA admits that it is a direct competitor of Olympus. Except as expressly admitted, KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 96 and, on this basis, denies each and every such allegation.

97. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 97 and, on this basis, denies each and every such allegation.

98. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 98 and, on this basis, denies each and every such allegation.

99. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 99 and, on this basis, denies each and every such allegation.

100. Paragraphs 1 through 99 are incorporated by reference as if set forth fully herein.

101. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 101 and, on this basis, denies each and every such allegation.

9807523v.1

102. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 102 and, on this basis, denies each and every such allegation.

103. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 103 and, on this basis, denies each and every such allegation.

104. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 104 and, on this basis, denies each and every such allegation.

105. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 105 and, on this basis, denies each and every such allegation.

106. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 106 and, on this basis, denies each and every such allegation.

107. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 107 and, on this basis, denies each and every such allegation.

108. Paragraphs 1 through 107 are incorporated by reference as if set forth fully herein.

109. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 109 and, on this basis, denies each and every such allegation.

110. Paragraphs 1 through 109 are incorporated by reference as if set forth fully herein.

9807523v.1

111. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 111 and, on this basis, denies each and every such allegation.

112. KSEA denies generally and specifically each of the allegations set forth in Paragraph 112.

113. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 113 and, on this basis, denies each and every such allegation.

114. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations that Bory misappropriated Olympus's trade secrets, proprietary information and confidential information and, on this basis, denies this allegation. Except as denied on information and belief, KSEA denies generally and specifically each of the allegations set forth in Paragraph 114.

115. KSEA denies generally and specifically each of the allegations set forth in Paragraph 115.

116. KSEA denies generally and specifically each of the allegations set forth in Paragraph 116.

117. KSEA denies generally and specifically each of the allegations set forth in Paragraph 117.

118. Paragraphs 1 through 117 are incorporated by reference as if set forth fully herein.

119. KSEA denies generally and specifically each of the allegations set forth in Paragraph 119.

120. KSEA denies generally and specifically each of the allegations set forth in Paragraph 120.

121. Paragraphs 1 through 120 are incorporated by reference as if set forth fully herein.

122. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 122 and, on this basis, denies each and every such allegation.

123. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 123 and, on this basis, denies each and every such allegation.

124. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 124 and, on this basis, denies each and every such allegation.

125. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 125 and, on this basis, denies each and every such allegation.

126. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 126 and, on this basis, denies each and every such allegation.

127. KSEA lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in Paragraph 127 and, on this basis, denies each and every such allegation.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

128. The Complaint and each cause of action alleged therein fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

129. Plaintiff is prohibited from pursuing its claims against KSEA in the Eastern District of Pennsylvania based on the doctrine of forum non conviens.

### THIRD AFFIRMATIVE DEFENSE

130. This Court is not the proper venue.

### FOURTH AFFIRMATIVE DEFENSE

131. Plaintiff's claims are barred by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

132. Plaintiff's claims are barred by the doctrines of waiver and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

133. Plaintiff has not sustained any damages as a result of the alleged actions of KSEA.

### SEVENTH AFFIRMATIVE DEFENSE

134. To the extent that Plaintiff has sustained damages, which allegations are denied, those alleged damages result from the conduct of plaintiff and/or third parties and not KSEA.

Wherefore KSEA prays for relief as follows:

1. The permanent injunction sought by Olympus be denied in its entirety;

2. Olympus take nothing by way of its Complaint;

3. Judgment be entered in favor of KSEA and against Olympus;

4. KSEA be awarded costs of suit incurred herein;

5. KSEA be awarded attorneys' fees incurred herein;

6. KSEA be awarded such other and further relief as the Court deems just and proper.

              **WHITE AND WILLIAMS LLP**

              BY: /s/ Thomas B. Fiddler
                    Thomas B. Fiddler
                    Justin E. Proper
                    Attorney I.D. Nos. 59123/202701
                    1650 Market Street
                    One Liberty Place, Suite 1800
                    Philadelphia, PA  19103-7395
                    Phone: 215.864.7081/7165
                    fiddlert@whiteandwilliams.com
                    properj@whiteandwiliams.com

                    Attorneys for Defendant,
                    Karl Storz Endoscopy – America, Inc.

OF COUNSEL:

Andrew B. Kaplan
Michelle Cuenca Terry
**WEBSTER KAPLAN SPRUNGER LLP**
2029 Century Park East, 19th Floor
Los Angeles, CA  90067
Phone: 310.282-9428
akaplan@wksllp.com


Dated: August 14, 2012

9807523v.1

## **CERTIFICATE OF SERVICE**

I, Thomas B. Fiddler, Esquire, hereby certify that a copy of the foregoing Answer to Complaint for Injunctive Relief and Damages was served via the Court's electronic filing system upon the following counsel of record on this 14th day of August, 2012:

Sarah E. Bouchard, Esquire
Justin S. Brooks, Esquire
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103

Marlo Pagano-Kelleher, Esquire
The Pagano Law Firm
115 W. State Street
Suite 401
Media, PA  19063


      /s/ Thomas B. Fiddler
Thomas B. Fiddler

9807523v.1